UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

BOBBY MCINTOSH )
 )
v. ) NO. 2:11-cv-209
 ) *Greer/Inman*
RONNIE LAWSON, DANITA CALDWELL, )
TONEY ALLEN and LARRY SMITH )

## MEMORANDUM and ORDER

Acting *pro se*, Bobby McIntosh, a prisoner in the Hawkins County jail in Rogersville, Tennessee, brings this civil rights complaint and supplemental complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights, (Docs 2, 3). For these claimed violations, he seeks injunctive relief.

### I. The Filing Fee.

Plaintiff has also filed an application for leave to proceed *in forma pauperis*, which is **GRANTED**, (Doc. 1). He **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either:

(1) the average monthly deposits to plaintiff's inmate trust account <u>or</u>

(2) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount

in the account exceeds ten dollars ($10.00), until the full filing fee of $350 has been paid.[1] 28 U.S.C. § 1915(b)(2).

To facilitate collection of the fee, the Clerk is **DIRECTED** to send a copy of this order to the custodian of inmate trust accounts at the facility wherein plaintiff is currently housed.

## II. Screening the Complaint.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

## III. Plaintiff's Allegations.

**A. Due Process**

In his pleading, plaintiff claims that, as of December 25, 2010, and in violation of due process, there were no posted rules of conduct and no prescribed punishments for inmates at the

---

[1] **Send the payments to:** Clerk's Office, USDC
220 W. Depot St., Ste. 200
Greeneville, TN 37743.

Hawkins County jail who violated rules and that inmates are disciplined for what the jail authorities think is right—an infringement on the inmates' right to be found guilty in front of a disciplinary board, as no such board exists at the facility.

**B. Personal Hygiene Items**

Plaintiff maintains that indigent prisoners at the facility, including himself, are not supplied personal hygiene items, such as soap or razors and are told the institution has no money to buy these items to give to indigent inmates. A few razors are passed out for inmates to share. Plaintiff asserts (by implication) that he was denied those hygiene items on January 23, 2011.

**C. Shakedown & Seizure**

Plaintiff asserts that, on June 23, 2011, the guards at the Hawkins County jail engaged in a shakedown of the pod where inmates live; seized "all mail, family pictures, Religious material, Bibles etc.;" and threw those items in the trash, explaining that the Sheriff had instructed them to do so.

**D. Profits From Commissary Orders**

Plaintiff further asserts, in his supplemental pleading, that defendant Larry Smith and the other listed defendants are making profits off of all state inmates in the institution, due to the fact that the costs for commissary orders are doubled for state inmates.

**E. First & Eighth Amendment Claims**

Prisoners at the jail, according to plaintiff, are also being denied access to a law library, including law books, and religious services. Mail, including the envelope, and pictures are being discarded, though, sometimes, an inmate may be receive the letter itself. Also, inmates cannot receive any religious materials sent to them. Plaintiff additionally asserts that prisoner's are denied

3

physical activities, such as going outside, or any activity which requires that inmates be escorted by guards. Plaintiff maintains that all defendants are involved and that these actions have affected him.

## IV. Discussion.

Most of the claims are stated as general claims on behalf of other inmates without any contentions to show that plaintiff in particular sustained any harm by his exposure to any of the alleged constitutional violations. For example, plaintiff does not assert that he himself was cited or punished for the infraction of a rule of which he received no notice, or that his "mail, family pictures, Religious material, Bibles etc." were seized and discarded, that he was charged double for commissary items (a seeming contradiction with his allegation that he is indigent and was deprived of hygiene items—the implication being that he could not afford to purchase those items), that he was denied access to a law library, that he had his mail interfered with, or that he was denied religious services, physical activity, or religious materials sent by others.

This is significant since an inmate has standing to assert his own rights, not those of other prisoners. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (standing is lacking absent an allegation of an injury in fact or a harm that is "actual or imminent, not conjectural or hypothetical"). The Court lacks jurisdiction over claims advanced on behalf of other inmates, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (party invoking federal jurisdiction must establish "the irreducible constitutional minimum of standing"), and **DISMISSES** these claims for want of jurisdiction.

A few claims are connected to plaintiff individually, including the contentions that he was denied hygiene items and, arguably, the violations of the First and Eighth Amendment alleged in the supplemental complaint. However, the latter assertions regarding denials of access to a law library, religious services, receipt of religious material, and physical activities and mail interference are

4

conclusory, as plaintiff does not indicate when these incidents or deprivations occurred nor describe any of the surrounding circumstances. Though he charges that all defendants engaged in the First and Eighth Amendment violations, he does not specify whether there was only one incident, in which all defendants participated, or series of incidents, with at least one identified defendant participating in each incident, or some other combination of events and defendants. Furthermore, plaintiff does not explain how he was "affected" by defendants' alleged actions.

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Because these particular contentions are conclusory, they fail to state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The allegations concerning hygiene items which plaintiff has alleged he personally was denied are governed by the Eighth Amendment. Punishment" can be extended beyond that which is part of a sentence and can include the conditions under which an inmate is confined; thus conditions of confinement which amount to an "unnecessary and wanton infliction of pain" violate the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Where prison conditions are concerned, the objective factor is satisfied by a condition which denies the prisoner "the minimum civilized measure of life's necessities." *Id.* at 834. deliberate indifference is evidenced where a jail official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, there are no allegations of fact to suggest the existence of the required knowledge (and hence, the culpable mental state) on the part of any defendant. Absent any contention that these defendants knew about and disregarded a substantially serious risk posed by plaintiff's housing conditions, he has failed to satisfy the "deliberate indifference" element of an Eighth Amendment claim. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (An inmate who claims that his living conditions amount to cruel and unusual punishment must establish that defendants possessed the requisite mental state.). Thus, plaintiff has failed to state a confinement conditions claim under the Eighth Amendment.

## V. Conclusion

In light of the foregoing analysis, plaintiff's case will be **DISMISSED** *sua sponte* for want of jurisdiction over certain claims and, with respect to all other claims, for failure to state a claim which would entitle him to relief.

A separate order shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE